Filed 6/4/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARRYN MAYBERRY,<br><br>    Defendant and Appellant. | F085869<br><br>(Super. Ct. No. F18904486)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Houry A. Sanderson, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, Lewis A. Martinez, and Joseph M. Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The trial court found defendant Darryn Mayberry ineligible for resentencing under Penal Code[1] section 1172.75.  It reasoned that the original sentence was "illegal" due to the section 667.5, former subdivision (b) enhancements[2] being imposed but stayed, the sentence was not appealed, and the court therefore did not have the "ability" to "go back in time and do anything about those illegal sentences."  Defendant appealed from that ruling.

We conclude section 1172.75 applies to prior prison term enhancements that have been imposed and stayed.  We reverse and remand for the trial court to recall defendant's sentence and resentence him in compliance with section 1172.75.

## PROCEDURAL BACKGROUND[3]

In a felony complaint filed July 9, 2018, defendant was charged with second degree robbery (§ 211).  The complaint also alleged he previously suffered a juvenile adjudication and a serious felony conviction, both of which qualified as strike convictions under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and served two separate prison terms (§ 667.5, former subd. (b)).  The felonies underlying the prior prison term enhancement allegations did not constitute sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b).  On July 23, 2018, defendant pled nolo contendere to the robbery charge and admitted both strike priors and both prior prison term enhancements.

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] Section 667.5, former subdivision (b), allowed the sentence enhancement "for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 . . . ."  Defendant was not sentenced to a county jail term for each of his prior convictions; he was sentenced to a state prison term.  We therefore will refer to the section 667.5, former subdivision (b) enhancements as prior prison term enhancements.

[3] The underlying facts are irrelevant to the issues raised on appeal.  We therefore dispense with a statement of facts.

At an August 22, 2018 hearing, the sentencing court struck one strike prior and imposed a doubled upper term of 10 years.  Regarding the prior prison term enhancements, the court pronounced:

> "The court is exercising discretion and staying imposition of those two one-year prison priors and striking those for purposes of sentencing only, so the total term is 10 years in the Department of Corrections."

An abstract of judgment was filed August 23, 2018.  As to each of the two prior prison term enhancements, it listed "S" for stayed.

At the time defendant was sentenced, section 667.5, former subdivision (b) provided in part:

> "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony . . . ."

In 2019, the Legislature enacted Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136) (*People v. Cruz* (2020) 46 Cal.App.5th 715, 720), which amended the foregoing language (Stats. 2019, ch. 590, § 1).  This revision became effective January 1, 2020.  (*People v. Winn* (2020) 44 Cal.App.5th 859, 862; see Cal. Const., art. IV, § 8, subd. (c)(1); *People v. Henderson* (1980) 107 Cal.App.3d 475, 488.)  Section 667.5, subdivision (b) now reads in part:

> "[I]f the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term *for a sexually violent offense as defined in*

*subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . .*"
(Italics added.)[4]

In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) (*People v. Christianson* (2023) 97 Cal.App.5th 300, 309, rev. granted Feb. 21, 2024, S283189 (*Christianson*)), the purpose of which was "to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for the[] repealed sentence enhancements" (Stats. 2021, ch. 728, § 1). Senate Bill No. 483 added former section 1171.1 (Stats. 2021, ch. 728, § 3), which became effective January 1, 2022 (*Christianson*, at p. 305). "Effective June 30, 2022, the Legislature renumbered section 1171.1 to 1172.75" without any substantive changes. (*Christianson*, at p. 305, fn. 2, citing Stats. 2022, ch. 58, § 12.) Section 1172.75 reads in part:

> "(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.

> "(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement. . . . [¶] . . . [¶]

> "(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement

---

[4] The current language of section 667.5, subdivision (b) is functionally identical to that of Senate Bill No. 136's amendment. (Compare Stats. 2021, ch. 626, § 28 with Stats. 2019, ch. 590, § 1.)

described in subdivision (a), the court shall recall the sentence and resentence the defendant. . . .[5]  [¶] . . . [¶]

"(d)(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

"(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

"(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

Defendant was identified by the Department of Corrections and Rehabilitation as an inmate serving a term for a judgment that included a prior prison term enhancement, and claimed he was eligible for resentencing pursuant to section 1172.75.

After the parties filed briefs, an eligibility hearing was conducted on March 1, 2023.  There, the trial court remarked:

"[W]e go to subdivision [(d) of section 1172.75] which talks about the resentencing shall result in a lesser sentence than the one originally imposed as a result of the elimination.  So if I'm eliminating nothing, how is that resulting in a lesser sentence.  Because it's adding nothing.  So if I

---

**5** On appeal, as part of the basis for his position, the Attorney General asserts subdivision (c) of section 1172.75 "directs the trial court to 'review the judgment and verify that the current judgment' includes such a sentencing enhancement where the inmate is '*currently serving a sentence based* on the enhancement.' "  The Attorney General has conflated the subdivisions.  The "currently serving" language is not in subdivision (a) or (c).  It is part of subdivision (b), which applies to the Secretary of the Department of Corrections and Rehabilitation, not to the trial court.

take nothing away, it still is the same number. So it's not resulting in anything less because it's not there.

"So it's my – I guess my issue is that this sentence – this legislation does not give this Court the proper direction to include stayed or imposed sentences. It only talks about imposed that adds time to a person's sentence. And in [defendant's matter] it's not added. . . . [T]he argument that it's there, and therefore, we should qualify is not persuasive to me. It's not convincing me."

Thereafter, the court concluded:

"[T]he Court finds [defendant is] not eligible for resentencing pursuant to the new rules of [section] 1172.75. That even though [he] had prison priors added at the time of the original sentencing, each of those enhancement[s] had been improperly stayed. However, the time has long passed for any appeal on these illegal sentences. And therefore, the Court does not believe that it now has the ability to go back in time and do anything about those illegal sentences. Nor do[es] [defendant] qualify under the language of [section] 1172.75."

On appeal, defendant does not contest the conclusion that the original sentence was both unauthorized because of the stayed prior prison term enhancements, and final because it was not appealed. He asserts section 1172.75 statutorily conferred jurisdiction on the trial court to resentence him. He argues that section 1172.75 applies to imposed prior prison term enhancements that are stayed. He argues the trial court should have recalled his sentence, struck his prior prison term enhancements, and resentenced him. The Attorney General argues section 1172.75 applies when the prior prison term enhancements are imposed and executed, but not when they are imposed and stayed. He asserts section 1172.75 does not therefore apply and the trial court lacked jurisdiction to recall defendant's sentence and resentence him.

6.

## DISCUSSION

**I.      Staying the two prior prison term enhancements was error.**

"Once the prior prison term is found true within the meaning of section 667.5[, former subdivision ](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; accord, *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275, rev. granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Baldwin* (2018) 30 Cal.App.5th 648, 653; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1020; see § 1170.1, subd. (d)(1).)

The trial court found—and we agree—that the two prior prison term enhancements were "improperly stayed" in the first instance.

**II.      When section 1172.75 is applicable, it statutorily confers jurisdiction in the trial court to resentence defendant.**

"In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' [Citation.]  However, there are many important exceptions to this general rule." (*People v. Cota* (2023) 97 Cal.App.5th 318, 329.)  Section 1172.75 is one of these exceptions. (*Cota*, at pp. 332–333.)

**III.      Standard of review.**

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.]  In determining the Legislature's intent, a court looks first to the words of the statute.  [Citation.]  '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.' [Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)  "If there is no ambiguity

7.

in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*Snook*, at p. 1215.)

**IV.      Section 1172.75 applies to stayed prior prison term enhancements.**

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement *imposed* for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Italics added.)

Section 1172.75, subdivision (d)(1) states, in relevant part, "[r]esentencing pursuant to this section *shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement . . . .*" (Italics added.)

The Attorney General argues that we must adopt the meaning of the term "imposed" in section 1172.75, subdivision (a) that best harmonizes with the mandate in section 1172.75, subdivision (d)(1) that resentencing result in a lesser sentence. The Attorney General asserts a lesser sentence would occur only if the imposed prior prison term enhancement was imposed and executed. The Attorney General further asserts that, if one were to conclude there was an ambiguity in the language of the statute, the "legislative findings" of Senate Bill No. 483 establish an intent to reduce incarceration time. "[I]mposed" in section 1172.75, subdivision (a) does not extend therefore to prior prison term enhancements that were imposed and stayed.

The Attorney General asks us to follow the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*). *Rhodius* involved a similar situation. Defendant pled guilty and admitted two prior prison term enhancements. The sentencing court imposed one year for each enhancement and then stayed the punishment. (*Id*. at p. 41.) At a later hearing held under section 1172.75, the trial court vacated the sentence on the two prior prison term enhancements and ordered them stricken, but otherwise denied full resentencing. (*Rhodius*, at pp. 41–42.) On

8.

appeal, the defendant and the Attorney General presented the same arguments presented here. (*Ibid*.) The Fourth District Court of Appeal, Division Two concluded the express language in section 1172.75, subdivision (d)(1) requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," and the legislative history behind the enactment of Senate Bills Nos. 136 and 483 require the conclusion section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43–49.)

We agree that, absent a finding "by clear and convincing evidence that imposing a lesser sentence would endanger public safety," the language of the statute requires resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (§ 1172.75, subd. (d)(1).) We also agree that, as summarized in *Rhodius*, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 136 signals intent "(1) [that] sentencing enhancements are ineffective and disproportionately subject the 'Black and Latino' communities to longer periods of incarceration; (2) [to] end[] double punishment for prior convictions; [and] (3) [to] reallocate[] 'wasteful' spending from imprisonment to community-based services." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 46, rev. granted.) Similarly, we agree with *Rhodius* that the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 483 signals intent "to provide relief for '[p]eople in California jails and prison . . . still burdened by mandatory enhancements' "; to ensure " ' "that no one is serving time based on rulings that California has already deemed unfair and ineffective" ' "; to "provide relief for ' "[t]hose who . . . continue to be separated from their families and communities" ' "; and to reduce the prison costs caused by sentencing enhancements. (*Rhodius*, at pp. 46–47.)

We disagree, however, with the conclusion in *Rhodius* that section 1172.75 does not invalidate prior prison term enhancements that were imposed and stayed. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 49, rev. granted.)

9.

First, the Attorney General premises his position on the presupposition that section 667.5, former subdivision (b) enhancements that were imposed and stayed have no impact on defendant's sentence.  We disagree.

In *Gonzalez*, *supra*, 43 Cal.4th 1118, our Supreme Court examined a different statutory scheme, i.e., firearm enhancements under sections 12022.53 and 12022.5, to determine the breadth of the term "impose" used in those statutes.  (*Gonzalez*, at pp. 1123–1125.)  In its analysis, it discussed the effect of staying an enhancement.  It noted the legislative history behind that statutory scheme disclosed an intent that felons who use firearms in the commission of their crimes remain in prison for the longest time possible.  (*Gonzalez*, at p. 1129.)  The jury found true the firearm enhancements of subdivisions (b), (c), and (d) of section 12022.53 and the firearm enhancement in section 12022.5, former subdivision (a)(1).  (*Gonzalez*, at p. 1123.)  Section 12022.53, subdivision (f) allowed only one additional term of imprisonment to be imposed and required that it be the enhancement under section 12022.53 that provided the longest term of imprisonment.  The enhancement under section 12022.5 was not to be imposed in addition to the enhancement imposed under section 12022.53.  (*Gonzalez*, at p. 1125.)  In answering the question of whether the firearm enhancements, other than the enhancement with the longest term of imprisonment, should be stricken or stayed, our Supreme Court found "staying rather than striking the prohibited firearm enhancements serves the legislative goals of section 12022.53 . . . ."  (*Id*. at p. 1129.)  This is because staying them made them "*readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal . . . ."  (*Ibid.*)

Imposed-but-stayed prior prison term enhancements carry the possibility of execution.  (*People v. Brewer* (2014) 225 Cal.App.4th 98, 104 (*Brewer*).)  That includes the two prior prison term enhancements originally imposed here.  If "imposed" in subdivision (a) of section 1172.75 is read to include stayed prior prison term enhancements, then striking them now as invalid eliminates their impact from the

10.

"originally imposed" sentence referred to in section 1172.75, subdivision (d)(1) resulting in a "lesser sentence than the one originally imposed." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev. granted; see *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev. granted.)

Second, the Legislature is presumed to be aware of all laws in existence when it passes or amends a statute. (*In re Greg F.* (2012) 55 Cal.4th 393, 407.) Although imposing then staying the prior prison term enhancements in defendant's sentence was unauthorized, staying prior prison term enhancements was not error in other sentencing situations. In *Brewer*, *supra*, 225 Cal.App.4th 98, two enhancements alleged pursuant to section 667.5, subdivision (a) were found true. (*Brewer*, at p. 102.) Section 667.5, subdivision (a), authorizes a three-year enhancement for "each prior separate prison term served," when a current offense and the prior offense are both violent felonies. In addition, two enhancements alleged pursuant to section 667.5, former subdivision (b), which authorized a one-year enhancement for each prior separate prison term served, were found true. (*Brewer*, at p. 103.) The two section 667.5, former subdivision (b) enhancements were for the same prison terms that served as the basis for the section 667.5, subdivision (a) enhancements. (*Brewer*, at p. 103.) " '[M]ultiple prior convictions served concurrently constitute one separate prison term for which only one sentence enhancement can be imposed.' " (*Brewer*, at p. 104.) Former subdivision (b) of section 667.5 mandated the application of the enhancement except when subdivision (a) applied. The former subdivision (b) enhancements were, therefore, precluded. The trial court imposed the two section 667.5, subdivision (a) enhancements, and imposed then stayed the section 667.5, former subdivision (b) enhancements. (*Brewer*, at p. 103.) The order staying the section 667.5, former subdivision (b) enhancements was made erroneously

11.

pursuant to section 654.[6] (*Brewer*, at p. 104.)  On appeal, a question was whether the section 667.5, former subdivision (b) enhancements should have been stayed or stricken. (*Brewer*, at p. 101.)  The Court of Appeal affirmed the staying of those enhancements. (*Id*. at pp. 104–105.)  It reasoned:  "California Rules of Court, rule 4.447 (rule 4.447) expressly authorizes a stay of an enhancement when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition.  In that situation—and that situation only—the trial court can and should stay the enhancement.' " (*Id*. at p. 104.)  It explained why.  " 'This rule is intended "to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence." ' " (*Ibid*.)  Staying the section 667.5, former subdivision (b) enhancements "serves the purpose of rule 4.447 by allowing for the imposition of the stayed sentence if, for example, the qualifying section 667.5[, subdivision ](a) felonies are reversed on appeal." (*Brewer*, at p. 104.)

It is clear from the plain language of subdivision (a) of section 1172.75 that the Legislature rendered sentence enhancements imposed pursuant to former subdivision (b) of section 667.5 legally invalid, except where imposed for a qualifying sexually violent offense.  Laws in existence when section 1172.75 was enacted allowed those sentence enhancements to be stayed under certain circumstances.  Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so.  It did not.

Defendant was identified by the Department of Corrections and Rehabilitation as a person in custody "currently serving a term for a judgment that includes an enhancement

---

[6] Section 654 "does not apply to prior prison term enhancements that focus on a defendant's status as a repeat offender rather than on the acts underlying the convictions. [Citation.]" (*Brewer*, *supra*, 225 Cal.App.4th at p. 104.)

described in [section 1172.75,] subdivision (a)" (§ 1172.75, subd. (b)), i.e., "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)). Therefore, defendant was entitled to, but did not receive, a recall of his sentence and resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

## **DISPOSITION**

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is reversed. The matter is remanded to the trial court with instructions to recall defendant's sentence and resentence him in compliance with the statute.

DETJEN, Acting P. J.

WE CONCUR:

MEEHAN, J.

SNAUFFER, J.

13.